UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNNY TORRES,

    Plaintiff,

v.     Case No: 6:13-cv-141-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### REPORT AND RECOMMENDATION[1]

Pending before the Court is pro se Plaintiff Johnny Torres's application to proceed without paying fees or costs, which the Court construes as a motion to proceed *in forma pauperis*. (Doc. 2). Because Plaintiff's complaint and motion are deficient, I respectfully recommend that the Court DENY Plaintiff's motion and DISMISS Plaintiff's Complaint without prejudice.

### I.     Background

Plaintiff's Complaint states in its entirety: "I request my case to please be reviewed. I believe there must have been an error or misunderstand (sic) somewhere through out (sic) the process. Thank you. Signed Johnny Torres, 1/25/2013." (Doc. 1).

In his motion to proceed *in forma pauperis*, Plaintiff lists as his only income $2000 monthly from Veteran's Affairs, but also states that he pays $1,000 in rent, $800 dollars in transportation, $700 dollars in utilities and $700 in "family" expenses, which Plaintiff does not further explain. Although his motion implies that his monthly expenses exceed his

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

income, he says he has no debts or financial obligations.  Plaintiff reports contributions of $3,200 to his wife's support, $3,200 to his son's support, and $3,200 to his daughter's support but he does not explain whether he contributes that money yearly, monthly, or on some other cycle.  He also does not state whether he contributes $3,200 to each individual or to all three collectively, or where he gets the money to make these contributions.  (Doc. 2).

On February 5, 2013, I entered an order outlining my concerns about Plaintiff's Complaint and his motion and I gave him 21 days to amend both.  (Doc. 5).  I warned Plaintiff that "if, after 21 days, Plaintiff has not amended his papers, the Court will submit a report and recommendation to the district judge that this case be dismissed for the reasons discussed[.]"  As of February 6, 2013, Plaintiff has not revised his papers, and the time to do so has expired.

## II.   Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief."  Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*.  See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  Nevertheless, the Supreme Court cautioned that a case should only be

dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to file a "short and plain statement of the claim showing that the pleader is entitled to relief." Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even pro se litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's Complaint is deficient because: (1) it does not allege facts to support a claim; (2) it does not state a cause of action; and (3) Plaintiff does not seek relief. Consequently, Plaintiff has not satisfied Rule 8's pleading standard. The Complaint also fails to allege that Plaintiff exhausted his administrative remedies before filing this case. Without an affirmative showing that Plaintiff has exhausted his administrative remedies, the Court does not have subject matter jurisdiction to hear this action. 42 U.S.C. § 405(g).

Lastly, as shown above, Plaintiff's motion to proceed *in forma pauperis* is impermissibly ambiguous, and Plaintiff has not taken the opportunity to clarify his motion.

### III.  Recommendation

Because Plaintiff's Complaint is deficient and his motion to proceed *in forma pauperis* is ambiguous, I **RESPECTFULLY RECOMMEND** that the Court: **DENY**

Plaintiff's motion to proceed *in forma pauperis*; **DISMISS** this action without prejudice; and **DIRECT** the Clerk to close this case.

      **RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 6, 2013.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff, pro se